Dear Ms. Landrieu:
You requested the opinion of this office on the issue of "whether the State's collateral arrangements with its fiscal agent banks (including the statutory framework which is invoked in the fiscal agency arrangement, the contract which fiscal agent banks enter into with the State, and the documentation of the existence of the fiscal agency relationship in the fiscal agent banks' records as reflected in the State's records), in light of Section 1823(e) of the Federal Deposit Insurance Act, as amended by the Financial Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), were sufficiently documented such that any risk related to such deposits was not such to prevent them from being considered secured, as of June 30, 1993."
Section 1823(e) provides in pertinent part as follows:
 "No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement —
(1) is in writing,
 (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
 (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
 (4) has been, continuously, from the time of its execution, an official record of the depository institution.
Based upon these requirements, the Legislative Auditor has expressed concern with the validity of classifying the State's collateralized deposits in risk classification 2, even though such classification has been applied each year since FIRREA's adoption. Classification in a category below 2 results in the deposits being shown in the State's Comprehensive Annual Financial Report as unsecured.
It must be noted that Section 1823(e) establishes rights only with respect to the FDIC and does not establish rights in any third person. For Fiscal Year 1993, and as of June 30, 1993, no fiscal agent banks had failed and the FDIC was not a receiver of such a bank, therefore, the FDIC had acquired no rights under Section 1823(e) with respect to any collateralized deposits of the State.
In order to become a fiscal agent bank of the State, a bank must make application to the Interim Emergency Board under the provisions of Sections 317 and 320 of Title 49 of the Louisiana Revised Statutes of 1950. The authorized officer making the application agrees that the financial institution shall "maintain collateral for any funds on deposit by any state depositing authority as defined in Section 319 of Title 49 of the Louisiana Revised Statutes of 1950, which shall exceed at any time the amount insured by the Federal Deposit Insurance Corporation . . . by the pledge of securities in the manner provided by R.S. 6:748.1 and R.S. 49:321."
Subsequent to June 30, 1993, the State was sent a letter by every fiscal agent bank acknowledging that the bank was authorized, directly or indirectly, by its board and/or loan committee to act as fiscal agent for the State during Fiscal Year 1993 and to accept collateralized deposits, and noting that the application was approved by the board or executed pursuant to general authority granted to the signing officer by the board either by resolution or in the bank's by-laws. The existence of these letters demonstrates substantial compliance with the requirements of Section 1823(e). The purpose of Section 1823(e) is to permit the FDIC to rely solely on the books and records of the bank in determining the quality of the assets it acquires. In this instance, every fiscal agent bank's records show the fiscal agent contract itself and that the contract was approved by the board either directly or through authority granted by the board.
It must be emphasized that the deposits were in fact adequately secured by proper collateral. Unless Section 1823(e) became applicable to call into question the validity of the State's security interests, such security interests were at all times, and remain continuously, valid and perfected as required by law and each fiscal agency agreement. Section 1823(e) did not apply to any fiscal agency agreement as of June 30, 1993 because no fiscal agents had been placed in receivership.
Based on the foregoing, it is the opinion of this office that there was sufficient documentation of the collateral arrangements with the fiscal agency banks for the State's deposits to be considered secured under FIRREA, and thus a risk classification of 2 (which is the classification the State has always received) appears to be appropriate under the circumstances.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav 3028m